NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—June, 1882,

THOMPSON V. MOTT.

*In the matter of the estate of* ADELAIDE THOMPSON, *de-
ceased.*

Upon an accounting by one executor, who had exclusive possession of all
the funds and property of the estate, his co-executor objected to the
accounts and asked the court to direct the accounting party to transfer
to him so much of the funds as would enable him to compensate his
counsel for their services in the contest.

*Held,* that the Surrogate's power "to direct and control the conduct of ex-
ecutors" (Code Civ. Pro., § 2472, subd. 3) being allowed to be exer-
cised only "in the cases and in the manner prescribed by statute" (*Id.,*
§ 2472), the application must be denied, as not coming within the
purview of any statutory provision.

*It seems,* that the applicant might obtain relief under Code Civ. Pro., §
2602, providing for the case of a disagreement between executors, by
applying for an order to place the money or property in the joint cus-
tody of the executors, and subject to their joint disposition; or (he
being also a legatee under the will) by applying, under Code Civ. Pro.,
§§ 2717, 2718, for an advance upon his legacy, paying counsel fees
therefrom, and ultimately obtaining the allowance of a reasonable
disbursement for such purpose, on his own accounting.

APPLICATION by Frank G. A. Thompson, one of dece-
dent's executors, to compel his co-executor, Henry A.
Mott, to pay him certain funds of the estate. The facts
appear sufficiently in the opinion.

FRANK A. RANSOM, *for F. G. A. Thompson.*

CUSHMAN & VAN PELT *and* JAMES M. VARNUM, *for Henry A. Mott.*

THE SURROGATE.—The applicant, decedent's son, is one
of the executors of her will. His co-executor, who has

the exclusive possession of all the funds and property of the estate, has filed his accounts, and this applicant has interposed certain objections thereto.

The matters at issue are pending before a referee. There is likely to be delay in this litigation, and I am now asked to direct the accounting executor to transfer to his associate such portion of those funds as will enable the latter to compensate counsel for their services in contesting the accounts. I doubt my authority to order such transfer. The power "to direct and control the conduct of executors" (which is given to the Surrogate by subd. 3 of sec. 2472 of the Code) can only be exercised, as the last subdivision declares, in the cases and in the manner prescribed by the statute (Bevan v. Cooper, *72 N. Y., 328*).

Now, such an application as this does not seem to me to be within the purview of any provision of the statutes. Section 2602 of the Code empowers the Surrogate, in case of a disagreement between executors respecting the custody of the money or property of an estate, to order the same to be placed in their joint custody, and to be subject to their joint disposition. The very existence of this section furnishes strong argument for claiming that, without it, the Surrogate would have no such control over an executor as is here invoked. And in this regard, also, Mr. Throop's note referring to the decision in Burt v. Burt (*41 N. Y., 46*) is worthy attention.

If the objecting executor desires, therefore, he can, upon the unreasonable refusal of his associate to put estate funds within his control, avail himself of the relief afforded him by this provision of the Code.

There is another proceeding by which the applicant may, perhaps, accomplish the same result. Sections 2717

and 2718 provide that the Surrogate may, under certain circumstances, direct the payment or satisfaction of a legacy, or part thereof, at any time after a year has expired since the granting of letters.  This applicant, being a legatee under the will as well as an executor, would be entitled, on making a proper case within those sections, to receive an advance on account of this bequest.  This he could apply toward paying his counsel, and, if the disclosures of the accounting should show that he had good grounds for interposing his objections, any reasonable sum which he might thus expend would be ultimately allowed in the settlement of his own accounts as executor.  The application must be denied.

Ordered accordingly.